## *In re* OGDEN'S WILL.

### (*Surrogate's Court, Kings County.*   September 20, 1888.)

WILLS—TESTAMENTARY CAPACITY.
> Upon the issue of testamentary capacity the evidence showed that testator, although physically weak for some time before making his will, managed his estate, which was large, with such ability as to add to it, no instance being shown in which he displayed bad business judgment. His correspondence up to the time of his death was voluminous, and indicated discernment, and the only unusual language he was known to have used was well accounted for by physical suffering. The will explained his reasons for the dispositions therein prejudicial to his son, and they were shown to have real foundation in the conduct of the latter. *Held,* that testator was competent to make a will.[1]

On motion for probate. Contest as to the validity of the alleged last will and testament of James B. Ogden, deceased.

*John H. Kemble,* for executors. *Benjamin F. Tracy,* for contestants.

LOTT, Surr. The objections to the probate of the will in this matter are reduced, so far as the proofs are concerned, to the single question, had the decedent testamentary capacity? It is shown beyond all dispute that the testator had sufficient mental ability to transact all the affairs attending the management of a large estate, with discernment, and with such judgment that his fortune was largely increased, subsequent to a period when, as it is claimed by the contestants, he was incompetent to make a will. It has not been shown that in a single instance, down to the close of his life, the testator, although he personally attended to the many transactions connected with his estate, did other than what was beneficial to his interests. The correspondence of the testator in evidence, which is very voluminous, and is continued to within a few days of his death, shows, in my judgment, that he was not only competent to make a will, but also that he was possessed of a mind capable of grasping all the affairs of his life. To this proof is added the testimony of all those with whom he had business or social relations, showing, as I believe, that while he was for a long time before his death in failing bodily health, his mind was not in any wise impaired. It is true that on some occasions he uttered unusual expressions, yet I think they are sufficiently accounted for by the physical diseases from which he suffered. If any doubt existed on that point it is removed by the medical testimony, which, to my mind, sufficiently accounts for the occurrences I refer to as flowing from physical, rather than mental, disease. The point most pressed in this controversy relates to the provisions of the will as they regard the testator's son. The decedent in his will has referred to the reason for the dispositions complained of by his son,

---

[1] In general, on the subject of mental capacity to make a will, see In re Bull, *ante,* 52, and note; Elkinton v. Brick, (N. J.) 15 Atl. Rep. 391, and note.

and the proofs that such reasons were substantial, and not imaginary, are so complete that at the close of the case his counsel appeared to have conceded the justness of the reflections of the testator upon his son's conduct. The contest in this matter has been a protracted one, and the testator's conduct for years preceding his death very closely followed and criticised. The very searching manner in which his life and acts have been detailed by the contestants, in a great measure, leads me to the conclusion which I have stated in respect to his sanity. It is not conceivable, for instance, that those acquainted with the testator for over 10 years preceding his death, and meeting him weekly or oftener in social and business intercourse, should be unable to note and testify to acts inconsistent with sanity, if any occurred. In view of the will and its provisions, I disregard the isolated, and in many cases trivial, circumstances upon which the contestants seem to rely as establishing want of testamentary capacity. So far as it is claimed the testator was a monomaniac, in respect to his wife and son, I find that the testimony upon which such claim is founded is disproved. The will is admitted to probate. The decree to be settled upon five days' notice.